FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2003 SEP 30 AM 9: 33

CLERK_____
SO. DIST. OF GA.

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | **CV403-191** |
| SPRAY-N-BAKE, INC., | : | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to the charging party, Kimberly Maere, and other persons who were adversely affected by such practices. Ms. Maere and other female employees were subjected to unlawful sexual harassment and a sexually hostile work environment by Defendant's management employees in violation of Title VII.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah and Brunswick Divisions.

### PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Spray-n-Bake, Inc.

("Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the Cities of Hinesville and Brunswick and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Ms. Kimberly Maere filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2002, Defendant has engaged in unlawful employment practices at its Hinesville and Brunswick, Georgia locations, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Maere and other female

employees to sexual harassment, including, but not limited to, a sexually hostile work environment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Maere and other female employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Maere and other female employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its

officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs that prohibit its employees, officers, agents, and others working on their behalf from engaging in sexual harassment, and any other activity in violation of Title VII.

C.  Order Defendant to make whole Ms. Maere and other female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to job search expenses resulting from the sexual harassment, in amounts to be determined at trial.

D.  Order Defendant to make whole Ms. Maere and other female employees by providing compensation for non-pecuniary losses resulting from the unlawful employment practices

complained of in paragraph 7 above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

E.   Order Defendant to pay to Ms. Maere and other female employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

S. Robert Royal
Regional Attorney
Georgia Bar No. 617505

Amy Loggins
Senior Trial Attorney
Georgia Bar No. 097862


U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:     (404) 562-6817 or
               6932
Facsimile:     (404) 562-6905