ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action No. CV 403-191 |
| v. | : : | |
| SPRAY-N-BAKE, INC., | : : | |
| Defendant. | : : | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC") against Defendant Spray-n-Bake, Inc. (hereinafter the "Defendant") pursuant to Section 706(f)(a) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (hereinafter referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by subjecting Charging Party, Kimberly Maere, and Donna D'Ostroph, to discrimination based upon their sex and sexual harassment in violation of Title VII. In its Complaint, the Commission sought make whole relief including, but not limited to, compensatory and punitive damages, injunctive and other affirmative relief. The Defendant filed its Answer denying the allegations made by the Commission. Defendant disputes and denies any liability to the Commission and/or Ms. Maere and Ms. D'Ostroph and/or to any other person. This agreement is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this

Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of disputed claims of alleged sexual harassment, the validity of which Defendant denies. Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendant that its officers, agents or employees have violated or have not been in compliance with Title VII or any rules and regulations issued under or pursuant to Title VII or any other applicable law, regulation or order.

## II. NON-DISCRIMINATION AND NON-RETALIATION

Defendant shall not discriminate against any employee or affected group member in any aspect of employment on the basis of sex, shall not subject any employee or affected group member to sexual harassment, and shall not retaliate

against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree.

Defendant, to ensure equal opportunity in the employment process, shall make all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge and other terms, conditions and privileges of employment, without regard to race, color, sex, religion or national origin. The Defendant shall not retaliate or take any adverse action against other persons in the future because of their opposition to practices they believe are in violation of Title VII or because of their participation in the investigation of the charge or prosecution of this litigation.

### III. NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Defendant shall keep posted the notice required to be posted pursuant to Section 711 of Title VII, and, for at least two (2) years immediately following the entry of this Decree, shall also keep conspicuously posted a copy of the notice attached to this Decree at Defendant's facilities. Within forty-five (45) days from the entry of this decree, Defendant shall instruct its management and

supervisory personnel regarding the full meaning of those notices and this Consent Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the facilities will observe at least one such posting when at the facility. Defendant shall certify the completion of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree. All written certification required by this Section shall be addressed to S. Robert Royal, Regional Attorney at the Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## IV. INSTRUCTION TO MANAGEMENT

Within forty-five (45) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel

who are currently employed at its facility or facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to the Regional Attorney at the EEOC's Atlanta District Office at the above-referenced address.

## V. REPORTING REQUIREMENT

For the duration of the term of this Decree, Defendant agrees that any complaint arising at its Georgia location(s), and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging sexual harassment issues which were raised by the Complaint in this civil action and resolved by this Consent Decree shall be reported to the Regional Attorney. Every six months for the duration of this Consent Decree, Defendant shall certify, in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained about sexual harassment. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant. The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VI. CHARGING PARTY'S INDIVIDUAL RELIEF: MONETARY RELIEF

Defendants, in settlement of all alleged claims of injuries sustained due to alleged discriminatory employment practices, shall provide Kimberly Maere, in the amount of thirty thousand dollars ($30,000), and Donna D'Ostroph in the amount of thirty thousand dollars ($30,000), in checks made payable to them,

respectively. Each check shall be issued by Defendant's insurance carrier and shall be for the full amount of thirty thousand dollars. Both Ms. Maere and Ms. D'Ostroph will be responsible for paying their own income taxes, if any. A check will be mailed to Kimberly Maere, at 279 Jane Street, Midway, Ga. 31320. A check will be mailed to Donna D'Ostroph at P.O. Box 445, Allenhurst, Ga. 31301. Copies of said checks will be mailed within five working days of the initial mailings to Ms. Maere and Ms. D'Ostroph to the EEOC Regional Attorney in the Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303. The parties recognize that such payment to be without admission of liability on the part of the Defendant.

## VII. **REFERENCES**

Defendant agrees that, if it receives inquiries from persons or prospective employers seeking a reference or other employment related information regarding Ms. Maere or Ms. D'Ostroph, it shall provide no less than a neutral reference, citing the dates of employment and the position(s) held. Defendant will make no mention to persons or prospective employers seeking a reference of the fact that Ms. Maere filed a charge of discrimination, that the instant lawsuit was filed, or that Ms. D'Ostroph participated in the charge process, or was a claimant in the

instant lawsuit.

## VIII. DISCIPLINARY POLICY ON SEXUAL HARASSMENT AND RETALIATION

Defendant asserts that it has no written sexual harassment policy or procedure that prohibits sexual harassment or provides for disciplinary action against violators. Therefore, Defendant agrees to establish a sexual harassment policy and procedure applicable to all employees, particularly those who perform in a supervisory or lead capacity, and to require all employees, including management and lead employees to sign a stipulation acknowledging that each has read and understands the sexual harassment policy and procedure.

Defendant agrees to disseminate a document that clarifies how complaints regarding sexual harassment should be made. Employees shall be advised that such complaints will be promptly investigated and effectively resolved by Defendant. Defendant further agrees to advise employees that they will not be retaliated against for complaining about sexual harassment. Defendant agrees to establish and implement a disciplinary policy with penalties up to and including discharge for employees who are found to have engaged in sexual harassment or

retaliation in violation of Defendant's policy. Defendant further agrees that employees who commit acts of sexual harassment shall be admonished in writing and disciplined in accordance with the policy.

The above referenced sexual harassment policy and procedure shall be instituted within ninety (90) days of the entry of this Consent Decree. On or before that date, Defendant shall certify the implementation of said policy and procedure to EEOC's Regional Attorney in the EEOC Atlanta District Office whose address is 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## IX.  TRAINING

Defendant shall, in an appropriate location, hold a training session for all of its personnel, including all of its managers and officers employed at the Defendant's Georgia facilities, the cost of which is to be borne by Defendant. Said training session shall address the Defendant's and its employees' equal employment opportunity obligations pursuant to Title VII, including, but not limited to, Defendant's anti-retaliation obligations. The above referenced training shall be completed within ninety (90) days of the entry of this Consent Decree. On or before that date, Defendant shall certify to the Regional Attorney that such training has been completed.

Defendant shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section IX will be accomplished. Defendant shall provide written certification to the EEOC of training completed pursuant to this Section IX within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## X. **PROCEDURE FOR ENFORCING COMPLIANCE**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendants in writing by certified mail to Billy Johnson if it has any reason to believe that any action or omission by a Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta

District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by Section IX from being fully and completely processed in the manner described in Section IX, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## XI. COMPLIANCE OFFICIAL

Billy Johnson shall be responsible for compliance with this Consent Decree, and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## XII. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the

parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts or the EEOC has, prior to the expiration of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved. Upon entry of the Consent Decree, the Parties agree to file a stipulation of dismissal with

prejudice.

## XIII. OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Number 115A200250, the EEOC's investigation of the charge, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant or its owners in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 706 (f) of Title VII on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEY FEES

The EEOC and Defendant shall each bear their own respective costs and

attorneys fees for this action.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

[signatures on the following page]

**BY CONSENT:**

Counsel for Plaintiff:

S. Robert Royal, Esq.
Regional Attorney
Georgia Bar No. 617505

Lakisha Duckett, Esq.
Trial Attorney
Georgia Bar No. 231641

EQUAL EMPLOYMENT
OPPORTUNITY EEOC ATLANTA
DISTRICT OFFICE - LEGAL UNIT
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6815

Defendant:

Billy Johnson
Owner, Spray-N-Bake, Inc.

Counsel for Defendant:

Marvin McGahee, Esq.
Brennan & Wasden LLC
P.O. Box 8047
Savannah, Georgia 31412

APPROVED, DONE, and SIGNED this _____ day of _____, 2004.

_____
District Judge
U.S. District Court of Georgia
Southern District of Georgia, Savannah Division

## **N O T I C E**

1. This notice to all employees of Spray-N-Bake, Inc. (hereinafter the "Company") is being posted as part of the remedy agreed to between the Defendant and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States Federal District Court, Savannah, Georgia (Case No. CV 403-191).

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. The Company has taken and will continue such remedial action as is required by the consent order entered by the United States District Court.

5. This notice will remain posted for twenty-four (24) months, until August 2006.

   Signed this _____ day of _____, 2004.

_____

Spray-N-Bake, Inc.

**DO NOT REMOVE THIS NOTICE UNTIL**

August 2006